IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

K.W.,

    Plaintiff,

      v.

JANKI MOTEL, INC.,

    Defendant.

CIVIL ACTION NO.
1:25-cv-03201-TRJ

ORDER

This matter is before the Court on Plaintiff's Motion for Protective Order and Leave to Proceed Anonymously. (Doc. 4). Defendant Janki Motel, Inc. was served on June 17, 2025, and has not filed a response to Plaintiff's motion, indicating that it is unopposed. LR 7.1(B) ("Failure to file a response shall indicate that there is no opposition to the motion."). For the reasons stated, Plaintiff's Motion is **GRANTED**.

"Generally, parties to a lawsuit must identify themselves in their respective pleadings." *Roe v. Aware Women Ctr. for Choice, Inc.*, 253 F. 3d 678, 685 (11th Cir. 2001) (citation omitted); *see also* FED. R. CIV. P. 10(a). But there are some circumstances in which a party may proceed anonymously. *Doe v. Barrow Cnty., Ga.*, 219 F.R.D. 189, 191 (N.D. Ga. 2003). If the party seeking to proceed anonymously has a substantial privacy interest that outweighs the "presumption of openness in judicial proceedings[,]" then the Court can grant the party permission to proceed anonymously. *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (internal citations and quotations omitted). "The Eleventh Circuit has approved of parties

proceeding anonymously when cases involve governmental activity, the disclosure of information of 'utmost intimacy,' or would require admitting to illegal conduct and risk of criminal prosecution." *Doe v. Emory Univ.*, 734 F. Supp. 3d 1369, 1370 (N.D. Ga. 2024) (citing *Francis*, 631 F. 3d at 1316). "It is within the court's discretion to decide whether a plaintiff will be allowed to proceed anonymously." *Barrow Cnty., Ga.*, 219 F.R.D. at 191 (citation omitted).

Here, Plaintiff argues that she, her family members, and other victims or suspected victims of sex trafficking should be allowed to proceed anonymously because their privacy interests outweigh the need for public disclosure of their identities. Specifically, Plaintiff alleges that in 2014, when she was 16 years old, she was forcibly trafficked for sex and that her traffickers were violent and threatened her if she tried to escape. (Doc. 4 at 1). Plaintiff argues that she has legitimate safety concerns about facing violent retaliation if she is publicly identified in this case. (*Id.* at 1–2). She requests that all materials and documents relating to this action refer to her as K.W. (*Id.* at 6–7). Plaintiff also requests that her family members as well as witnesses identified by either party as a victim or suspected victim of sex trafficking be referred to using pseudonymous initials only. (*Id.*) The privacy and safety interests of Plaintiff, her family members, and witnesses identified as or suspected of being victims of sex trafficking outweigh the public's interest in knowing their identities.

Accordingly, Plaintiff's Motion for Protective Order and Leave to Proceed Anonymously (Doc. 4) is **GRANTED**. **IT IS HEREBY ORDERED** that all materials, documents, pleadings, exhibits, and evidence of any kind filed in this case shall refer

to Plaintiff as K.W., with no other additional identifying information. **IT IS FURTHER ORDERED** that all materials, documents, pleadings, exhibits, and evidence of any kind filed in this case shall refer to all witnesses identified by either party as a victim or suspected victim of sex trafficking as well as Plaintiff's family members by using pseudonymous initials only. Plaintiff is **ORDERED** to privately disclose her name to Defendant upon entry of this Order. Defendant shall be able to conduct discovery using Plaintiff or witnesses' names. But for any publicly filed documents, the name of Plaintiff, all witnesses identified as or suspected of being sex trafficking victims, and Plaintiff's family members shall be redacted or referred to only by the appropriate pseudonymous initials.

SO ORDERED, this 2nd day of July, 2025.

_____
TIFFANY R. JOHNSON
United States District Judge